NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| COREY LORENZO WOODFOLK, | : | Civil Action No. 05-541 (RBK) |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WARDEN MINER, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES**:

       COREY LORENZO WOODFOLK, #30079-037
       F.C.I. Fairton
       P.O. Box 420
       Fairton, New Jersey  08320
       Petitioner Pro Se

       PAUL A. BLAINE, Assistant U.S. Attorney
       CHRISTOPHER J. CHRISTIE, United States Attorney
       401 Market Street
       P.O. Box 2098
       Camden, New Jersey  08101
       Attorney for Respondents

**KUGLER**, District Judge

       Petitioner Corey Lorenzo Woodfolk filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentence as unconstitutional under United States v. Booker, 543 U.S. __, 125 S.Ct. 738 (2005).  Respondents filed a motion to dismiss the Petition for lack of jurisdiction and Petitioner filed a response in opposition to the motion.  Having thoroughly reviewed the papers, this Court dismisses the Petition for lack of jurisdiction.

# I. BACKGROUND

Petitioner challenges a 50-year sentence entered in the United States District Court for the District of Maryland on November 10, 1994, based on his plea of guilty to conspiracy to possess and distribute heroin. See United States v. Woodfolk, Docket No. 93-CR-419 (JFM), j. conv. (D. Md. Nov. 10, 1994). Petitioner appealed and on June 17, 1996, the United States Court of Appeals for the Fourth Circuit affirmed. See United States v. Williams, 87 F.3d 1310 (4th Cir. 1996) (table).

The sentencing court denied Petitioner's first motion to vacate the sentence under 28 U.S.C. § 2255 by Order filed January 21, 1999. See Woodfolk v. USA, Civil No. 97-3737, order (JFM) (D. Md. filed Jan. 22, 1999). The Fourth Circuit denied a certificate of appealability. On July 26, 2000, the sentencing court dismissed Petitioner's second § 2255 motion as a successive petition. See Woodfolk v. USA, Civil No. 00-2086 (JFM), order (D. Md. entered July 26, 2000). Petitioner filed two motions for authorization to file a successive § 2255 motion, which the Fourth Circuit denied on April 26, 2001, and August 6, 2004.

Between August 29, 2000, and July 29, 2002, Petitioner filed at least seven § 2241 petitions challenging his sentence, each of which was denied. See Woodfolk v. Dodrill, Civil No. 02-1310 (YK), order (M.D. Pa. filed Oct. 8, 2003); Woodfolk v. Dodrill, Civil No. 02-93 (YK), order (M.D. Pa. filed May 31, 2002); Woodfolk v. Romine, Civil No. 01-1651 (YK), order (M.D. Pa. filed Dec. 4, 2001); Woodfolk v. Romine, Civil No. 01-867 (YK), order (M.D. Pa. filed June 8, 2001); Woodfolk v. US, Civil No. 00-3744 (JFM), order & memorandum (D. Md. filed Jan. 9, 2001); Woodfolk v. USA, Civil No. 00-2264 (WBH), order (N.D. Ga. filed Sept. 20, 2000).

Petitioner, who is now incarcerated at F.C.I. Fairton in New Jersey, filed this Petition under 28 U.S.C. § 2241 challenging his sentence as unconstitutional under Booker.  Citing Lloyd v. United States, __ F.3d __, 2005 WL 1155220 (3d Cir. May 17, 2005), and In re Olopade, 403 F.3d 159 (3d Cir. 2005), Respondents filed a motion to dismiss the Petition on the ground that this Court lacks jurisdiction under § 2241 to entertain the Booker claim.  Petitioner counters that, even if Booker does not apply retroactively, this Court should consider the merits of his Booker claim because he is actually innocent of the crime for which the District of Maryland sentenced him to 50 years in prison.

## II.  DISCUSSION

### A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4.  "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.3d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

B.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless–
> . . . He is in custody in violation of the Constitution or laws or
> treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal

sentence in the district of confinement rather than the district of sentence, in its 1948 revision of

the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally

attack his sentence in the sentencing court.[1]  See 28 U.S.C. § 2255; Davis v. United States, 417

U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).  Section 2255

provides in relevant part:

> A prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws
> of the United States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess of the
> maximum authorized by law, or is otherwise subject to collateral
> attack, may move the court which imposed the sentence to vacate,
> set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal

prisoners can challenge their convictions or sentences that are allegedly in violation of the

---

[1] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district."  United States v. Hayman, 342 U.S. 205, 213-14 (1952).

Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because §

2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal

sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the

legality of the petitioner's detention.[2] See 28 U.S.C. § 2255. Specifically, paragraph five of §

2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. §
> 2241] in behalf of a prisoner who is authorized to apply for relief
> by motion pursuant to this section, shall not be entertained if it
> appears that the applicant has failed to apply for relief, by motion,
> to the court which sentenced him, or that such court has denied him
> relief, unless it also appears that the remedy by motion is
> inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re

Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971);

Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel.

Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

    A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where

the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255

proceeding from affording him a full hearing and adjudication of his wrongful detention claim."

Cradle, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it,

that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because the

sentencing court does not grant relief, the one-year statute of limitations has expired, or the

---

[2] The "inadequate or ineffective" language was necessary because the Supreme Court
held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to
test the legality of a person's detention does not constitute a suspension of the writ of habeas
corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The

provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to

enable them to evade procedural requirements."  Id. at 539.

In In re Dorsainvil, 119 F.3d at 251, the Third Circuit applied the "inadequate or

ineffective" test to a § 2241 claim based on a change of substantive law that occurred after

Dorsainvil's first § 2255 motion was decided.[3]  The Third Circuit first determined that

Dorsainvil could not raise the Bailey claim in a successive § 2255 motion because the AEDPA

restricted successive § 2255 motions to constitutional claims.[4]  However, the court held that, in

this narrow situation where Dorsainvil had no other opportunity to raise the claim, § 2255 was

inadequate and ineffective.  The Court reasoned:

> Dorsainvil does not have and, because of the circumstances that he
> was convicted for a violation of § 924(c)(1) before the Bailey
> decision, never had an opportunity to challenge his conviction as
> inconsistent with the Supreme Court's interpretation of §
> 924(c)(1).  If, as the Supreme Court stated in [Davis v. United
> States, 417 U.S. 333 (1974)], it is a "complete miscarriage of

---

[3] Dorsainvil claimed that he was actually innocent of "use of a firearm" after the Supreme
Court held in Bailey v. United States, 516 U.S. 137 (1995), that the crime, "use of a firearm,"
does not reach certain conduct.  The Supreme Court later ruled that the court's interpretation of
the statute in Bailey applied retroactively under § 2255 to convictions that were final.  See "
Bousley v. United States, 523 U.S. 614 (1998).  "[D]ecisions of [the Supreme Court] holding that
a substantive federal criminal statute does not reach certain conduct . . . necessarily carry a
significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'"
Id. at 620 (1998) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).

[4] As amended by the AEDPA, § 2255 prohibits a second or successive § 2255 motion
unless the Court of Appeals having jurisdiction over the sentencing court certifies that (1) the
motion is based on newly discovered evidence sufficient to establish that no reasonable factfinder
would have found the movant guilty or (2) the motion pertains to a new rule of constitutional
law, made retroactive to cases on collateral review by the Supreme Court, that was previously
unavailable.  28 U.S.C. §§ 2255, ¶ 8.

> justice" to punish a defendant for an act that the law does not make
> criminal, thereby warranting resort to the collateral remedy
> afforded by § 2255, it must follow that it is the same "complete
> miscarriage of justice" when the AEDPA amendment to § 2255
> makes that collateral remedy unavailable.  In that unusual
> circumstance, the remedy afforded by § 2255 is "inadequate or
> ineffective" to test the legality of [Dorsainvil's] detention.

Dorsainvil, 119 F.3d at 251 (quoting Davis v. United States, 417 U.S. 333, 346-47 (1974)).

The Third Circuit emphasized the narrowness of its holding:

> We do not suggest that § 2255 would be "inadequate or
> ineffective" so as to enable a second petitioner to invoke § 2241
> merely because that petitioner is unable to meet the stringent
> gatekeeping requirements of the amended § 2255.  Such a holding
> would effectively eviscerate Congress's intent in amending § 2255.
> **However, allowing someone in Dorsainvil's unusual position -
> that of a prisoner who had no earlier opportunity to challenge
> his conviction for a crime that an intervening change in
> substantive law may negate, even when the government
> concedes that such a change should be applied retroactively - is
> hardly likely to undermine the gatekeeping provisions of §
> 2255**.

Dorsainvil at 251 (emphasis added).[5]

---

[5] Several courts of appeals have adopted similar tests.  See, e.g., Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) ("We therefore hold that the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of the circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law"); Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) ("The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes that the prisoner was convicted of a nonexistent offense; and, 3) circuit law squarely

(continued...)

Turning to the case at bar, Petitioner argues that his 50-year sentence is unconstitutional under <u>Booker</u> because the sentencing court enhanced it beyond the 19.5-year maximum on the basis of facts that were not found by the jury or admitted by Petitioner.  It is clear that a <u>Booker</u> claim is within the scope of claims that are cognizable under § 2255.  Therefore, this Court lacks jurisdiction under § 2241 to entertain Petitioner's <u>Booker</u> claim unless § 2255 is inadequate or ineffective for him to raise it.

<u>Booker</u> evolved from the Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).[6]  In <u>Apprendi</u>, the Supreme Court determined that Apprendi had a constitutional right to have a jury, rather than a judge, find bias because the finding was necessary to support an enhanced sentence under the New Jersey hate crimes law.  The Supreme Court reversed Apprendi's sentence pursuant to the principle that, "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an

---

[5](...continued)
foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); <u>In re Davenport</u>, 147 F.3d 605, 611 (7th Cir. 1998) ("A federal prisoner should be permitted to seek habeas corpus relief only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion"); <u>Triestman v. United States</u>, 124 F.3d 361 (2nd Cir. 1997); <u>In re Hanserd</u>, 123 F.3d 922 (6th Cir. 1997).

[6] The <u>Booker</u> Court traced the evolution of its holding from <u>Apprendi</u> and its progeny, <u>Ring v. Arizona</u>, 536 U.S. 584 (2002), and <u>Blakely</u>.  In <u>Ring</u>, the Court held that imposition of the death penalty under Arizona law violated <u>Apprendi</u> because the trial judge determined the presence or absence of aggravating factors required by Arizona law for imposition of the death penalty.  <u>Ring</u>, 536 U.S. at 602.  In <u>Blakely</u>, the Court determined that application of Washington's sentencing guidelines violated the defendant's rights under <u>Apprendi</u> because "the 'statutory maximum' for <u>Apprendi</u> purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*."  <u>Blakely</u>, 124 S.Ct. at 2537 (emphasis in original).

indictment, submitted to a jury, and proven beyond a reasonable doubt." Apprendi, 530 U.S. at 476 (quoting Jones, 526 U.S. at 243 n.6).  In Booker, the Supreme Court determined that, for reasons explained in Apprendi, Ring v. Arizona, 536 U.S. 584 (2002), and Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531 (2004), application of the Federal Sentencing Guidelines violated the Sixth Amendment because the guidelines required the judge to enhance the sentence based on the judge's determination of facts that were not found by the jury or admitted by defendant.

Petitioner is correct that Booker is a change of law that was announced after Petitioner's conviction became final and after his first § 2255 motion was decided.  Petitioner is also correct that he cannot raise his Booker claim in a successive § 2255 motion because Booker has not been made retroactive to cases on collateral review by the Supreme Court.[7]  See In re Olopade, 403 F.3d 159 (3d Cir. 2005); see also Tyler v. Cain, 533 U.S. 656 (2001); In re Turner, 267 F.3d 225 (3d Cir. 2001).  However, it does not follow that § 2255 is an inadequate or ineffective procedural mechanism for Petitioner to raise his Booker claim.

Section 2255 is not inadequate or ineffective "merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."  In re Cradle, 290 F.3d at 539. Moreover, § 2255 is not inadequate or ineffective for a prisoner like Petitioner to raise a Booker

---

[7] In 1996 Congress amended § 2255 to severely limit the filing of second or successive motions under § 2255.  As amended, § 2255 prohibits a second or successive § 2255 motion unless the Court of Appeals having jurisdiction over the sentencing court certifies that (1) the motion is based on newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty or (2) the motion pertains to a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. §§ 2255, ¶ 8.

claim, even where he had no earlier opportunity to raise the claim because <u>Booker</u> was not decided until after his conviction became final and his first § 2255 motion was decided.  <u>See</u> <u>Okereke v. United States</u>, 307 F.3d 117 (3d Cir. 2002).  As the Third Circuit reasoned in <u>Okereke</u>:

> Unlike the intervening change in law in <u>In re Dorsainvil</u> that potentially made the crime for which that petitioner was convicted non-criminal, <u>Apprendi</u> dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal.  Accordingly, under our <u>In re Dorsainvil</u> decision, § 2255 was not inadequate or ineffective for Okereke to raise his <u>Apprendi</u> argument.

<u>Okereke</u>, 307 F.3d at 120-21.

If § 2255 is not an inadequate or ineffective procedural mechanism for a prisoner who had no other opportunity to raise an <u>Apprendi</u> claim, it follows that it is not an inadequate or ineffective vehicle for a petitioner to raise a <u>Booker</u> claim.  Like <u>Apprendi</u>, <u>Booker</u> deals with sentencing and does not decriminalize the conduct for which Petitioner was convicted. Accordingly, this Court lacks jurisdiction to entertain Petitioner's <u>Booker</u> claim under § 2241. <u>Cf.</u> <u>Okereke</u>, 307 F.3d at 120-21.

Even if this Court had jurisdiction to entertain Petitioner's claims, he could not prevail because the United States Court of Appeals for the Third Circuit recently determined that <u>Booker</u> does not apply retroactively to cases that became final on direct review prior to January 12, 2005, the date <u>Booker</u> issued.  <u>See</u> <u>Lloyd v. United States</u>, __ F.3d __ 2005 WL 1155220 (3d Cir. May 17, 2005); <u>see also</u> <u>Schriro v. Summerlin</u>, 124 S.Ct. 2519 (2004) (because <u>Ring</u> is a new

procedural rule, it does not apply retroactively under § 2255 to cases final on direct review)[8];

United States v. Jenkins, 333 F.3d 151, 154 (3d Cir. 2003) (Apprendi does not apply

retroactively to first § 2255 motions because "[i]ts application affects only the enhancement of a

defendant's sentence after he or she has already been convicted by proof beyond a reasonable

doubt").

### III.  CONCLUSION

Because § 2255 is not inadequate or ineffective for Petitioner's claims, this Court lacks

jurisdiction to entertain them under § 2241 and must dismiss the Petition.


s/Robert B. Kugler
ROBERT B. KUGLER, U.S.D.J.


Dated:  _____June 3_____, 2005

---

[8] The Supreme Court reasoned that, because Ring "altered the range of permissible
methods for determining whether a defendant's conduct is punishable by death, requiring that a
jury rather than a judge find the essential facts bearing on punishment," it was a "prototypical
procedural rule" that did not apply retroactively to cases already final on direct review.  Schriro,
124 S.Ct. at 2523.